The State of Ohio, Appellee, *v.*
Sprawl, Appellant.

(No. C-810311—Decided March 10, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. William E. Breyer* and *Mr. Daniel J. Breyer,* for appellee.

*Mr. William Stewart Mathews, II,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

On January 23, 1981, the appellant, Arthur Sprawl, was driven to his place of employment, a location on Reading Road in Cincinnati, by an acquaintance, Caleb Bronaugh, where they left Bronaugh's automobile. Their trip continued in an automobile owned by a co-employee of the appellant. They drove from Reading Road through Madisonville and Walnut Hills and finally to a car wash on Madison Road near Red Bank Road. According to the record before us, Bronaugh got out of the automobile at the car wash, went inside the premises, and then returned to the automobile where the appellant was waiting. Upon his return Bronaugh requested the appellant to drive to nearby Tompkins Avenue. At some point on Tompkins Avenue, the appellant stopped the automobile. Bronaugh got out and loaded two televisions into the automobile. The two returned to the car wash and Bronaugh, followed by Sprawl, took one of the televisions inside the car wash where they met Larry Thompson, an employee. While they were testing the television to determine whether it would operate properly, Cincinnati police officers, who had been staking out the car wash upon information provided to them by Thompson, entered the car wash and arrested the appellant and Bronaugh.

The appellant was indicted for receiving stolen property pursuant to R.C. 2913.51. His cause was tried to a jury which found him guilty. The lower court entered judgment and imposed sentence accordingly. The instant appeal derives from that judgment.

The appellant assigns two errors the first of which is that the lower court erroneously failed to grant the appellant's motion for acquittal. The appellant argues that the evidence adduced at trial was insufficient to support a conviction for receiving stolen property having a value of $150 or more and thus that the lower court should have entered a judgment of acquittal pursuant to the appellant's motion.

We cannot agree. Our examination of the record in this cause indicates that there was sufficient evidence of substantial probative value to warrant the jury's finding that the appellant received the property of another whose value was $150 or more, knowing or having reasonable cause to believe that such property had been obtained through the commission of a theft offense. Thus, the lower court properly overruled the appellant's motion for judgment of acquittal. The appellant's first assignment of error is overruled.

The appellant's second assignment of error is that the lower court erred "* * * in refusing to admit into evidence a statement made by defendant-appellant to

members of law enforcement at the time of his arrest." The appellant argues that the statement was admissible under Evid. R. 801(D)(1)(b) as a prior consistent statement of the appellant offered to rebut the express and implied charge, made by the prosecution during cross-examination of the appellant, that his testimony was of recent fabrication.

The appellant's assignment is well taken.

The statement ruled inadmissible by the lower court was a written statement dictated by the appellant to a Cincinnati police officer shortly after the appellant's arrest. The statement is consistent with the testimony given by the appellant at the trial of his cause and was first offered into evidence during the appellant's cross-examination of the officer who presented it. The lower court ruled at that point that the statement was inadmissible. The appellant again offered the statement into evidence after he had been cross-examined by the appellee, and the lower court again ruled it inadmissible. This second ruling constitutes prejudicial error.

Evid. R. 801(D)(1)(b), which provides the law governing the instant cause, states:

"(D) Statements which are not hearsay. A statement is not hearsay if:

"(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * (b) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive * * *."

Our examination of the record indicates that the statement excluded by the lower court falls within the above-quoted rule. The appellee's cross-examination of the appellant was clearly intended to implicitly and, at certain points, expressly charge that the appellant's version of the events on the night in question was of recent fabrication. Given this intention by the prosecution, the appellant should have been allowed to introduce the statement to rebut the appellee's cross-examination because the statement was consistent with the testimony he gave at trial. The lower court's refusal to admit the statement subsequent to the appellee's cross-examination of the appellant constituted error prejudicial to the appellant since it left the appellee's charge of fabrication unchallenged in the jurors' minds.

For these reasons the judgment of the court of common pleas is reversed and remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed
and cause remanded.*

SHANNON, P.J., DOAN and KLUS-MEIER, JJ., concur.